**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bob Jack WASHMAN, Defendant–Appellant.**

No. 94–10486.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1995.

Decided Sept. 15, 1995.

**211**

Before: CHOY, CANBY, and FERNANDEZ, Circuit Judges.

CANBY, Circuit Judge.

### I.

Bob Jack Washman appeals from the district court's denial of his motion to withdraw his guilty plea. Because we find that the district court had not accepted the agreement at the time Washman attempted to withdraw, we hold that the district court erred in refusing to allow him to withdraw. We therefore reverse Washman's conviction and remand with instruction to allow Washman to plead anew.[1]

### II.

Police arrested Washman after they found 254 kilograms of marijuana in his recreational vehicle. Washman pleaded not guilty at his arraignment, but subsequently he entered into a plea agreement with the government. Washman agreed to plead guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), so long as he was given a prison sentence of 60–63 months.[2] Both Washman and the government signed the agreement, and on the same day a magistrate judge held a change of plea hearing. The magistrate judge conducted a colloquy with Washman in compliance with Fed.R.Crim.P. 11, and at the close of the hearing stated that he would "make a recommendation" to the district judge "that your plea of guilty be accepted." The magistrate judge then stated that the matter would be continued until September, 1994, for sentencing before the district judge pending completion of the presentence report.

Judith N. Rosenberg, Assistant Federal Public Defender, Tucson, AZ, for defendant-appellant.

Jerry R. Albert, Assistant United States Attorney, Tucson, AZ, for plaintiff-appellee.

---

1. In his briefs and at oral argument, Washman requested only an opportunity to plead anew.

2. The plea agreement, as written, seems to provide only that the government would *recommend* a sentence of 60–63 months. However, the magistrate judge who conducted Washman's change of plea hearing consistently referred to the agreement as though it included a binding sentencing range of 60–63 months. *See* Fed.R.Crim.P. 11(e)(1)(C). Several times he stated that the plea agreement "included" or "called for" a sentence between 60–63 months, and he indicated that Washman would be allowed to withdraw the plea if he was not given a sentence between 60–63 months. The parties do not dispute that the plea agreement included a 60–63 month binding sentencing range, and thus we will assume that the agreement so provides.

On September 8, 1994, prior to his sentencing hearing, Washman filed a motion to withdraw his guilty plea. Washman pointed out that the Violent Crime Control and Law Enforcement Act of 1994, which was scheduled to become law on September 13, 1994, included a "safety valve" provision that gave defendants who met certain conditions relief from mandatory minimum drug sentences.[3] Washman stated that, when he entered the plea agreement with its binding sentencing range of 60–63 months, he thought that the mandatory minimum sentence for the offense to which he pleaded guilty was 60 months. If the 1994 Act took effect before he was sentenced, he argued, he might be entitled to receive a sentence lower than the 60 month mandatory minimum ordinarily required. Thus, he contended, in light of the change in law, it was inequitable and contrary to public policy to hold him to a plea agreement that contained a binding sentencing range of 60–63 months.

The court denied Washman's motion and continued sentencing until September 30, 1994. Washman renewed his motion on September 20, 1994, after the Act had become law, but the court again denied his motion. The court reasoned that under the plea agreement Washman could be considered for a sentence below the mandatory minimum under the new Act, and thus he did not have a fair and just reason for being released from the agreement.[4] On September 30, 1994, the court sentenced Washman to 60 months in prison to be followed by 60 months of supervised release. In its "Statement of Reasons for Imposing Sentence," the court checked a paragraph indicating that it had accepted the plea agreement.

### III.

We need not decide whether Washman had a "fair and just" reason for withdrawing his plea pursuant to Fed.R.Crim.P. 32(e) because we hold that Washman should have been allowed to withdraw his plea without offering any reason. The reason is that, at the time Washman moved to withdraw from the plea agreement, the district court had not yet accepted the plea. Under our precedent Washman and the Government were not bound by the plea agreement until it was accepted by the court.[5] *United States v. Savage*, 978 F.2d 1136, 1138 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1613, 123 L.Ed.2d 174 (1993).

█ Washman and the government entered into the type of plea agreement that includes a binding sentencing range. This type of agreement is governed by Fed. R.Crim.P. 11(e)(1)(C) and makes the court's acceptance of the agreement contingent upon the defendant receiving a sentence within a specified range. *See* Fed.R.Crim.P. 11, Notes of Advisory Comm. on Rules, 1979 Amendment; *see also United States v. Fernandez*, 960 F.2d 771, 773 (9th Cir.1992) (when a court accepts a guilty plea entered pursuant to a plea agreement governed by Fed.R.Crim.P. 11(e)(1)(C), it may not accept the guilty plea and impose a sentence greater or less severe than that agreed upon.) In this case, the record clearly indicates that the magistrate judge did not accept Washman's plea at the change of plea hearing, but indicated that the court's decision as to whether to accept the plea would be deferred until the district court had an opportunity to review Washman's presentence report. The record does not show that the plea or the agreement was accepted until Washman was sentenced on September 30, 1994.

In *Savage*, we held that we agreed with the Fifth Circuit's general rule that

> either party should be entitled to modify its position and even withdraw its consent

---

3. This section, Section 80001 of the Act, has been codified as 18 U.S.C. § 3553(f).

4. The district court seemed to believe that the agreement both put a cap of 63 months on the sentence Washman could receive, and allowed for Washman to be given a sentence below 60 months. Because of indications throughout the record that the parties thought the agreement contained a binding sentencing range of 60–63

months, we will treat the agreement as one containing a binding range notwithstanding the district court's suggestion that it could give Washman a sentence of less than 60 months. Of course, Washman would be in no position to complain of a violation of the plea agreement if he were sentenced to less than 60 months.

5. Included in the promises Washman was free to reject was his waiver of the right to appeal.

to the bargain until the plea is tendered and the bargain as it then exists is accepted by the court.

*Savage,* 978 F.2d at 1138 (quoting *United States v. Ocanas,* 628 F.2d 353, 358 (5th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981)). We stated that "neither the defendant nor the government is bound by a plea agreement until it is approved by the court." *Savage,* 978 F.2d at 1138. *See also, United States v. Fagan,* 996 F.2d 1009, 1013 (9th Cir.1993) ("[a] plea agreement that has not been entered *and accepted* by the trial court does not bind the parties.") (Emphasis added); *Ocanas,* 628 F.2d at 358 (unless and until the trial judge approves a plea agreement and accepts a guilty plea, neither party is bound by the agreement).

■ In this case, the district court did not state that it had accepted the plea agreement until it sentenced Washman on September 30, 1994. We find unconvincing the government's argument that the district court "implicitly accepted the plea agreement because at no time did [it] ever make any statement that it was rejecting the plea." In denying Washman's second motion to withdraw his plea, the court indicated that it had not decided whether Washman would be sentenced within the agreement's *binding range* of 60–63 months. Because Washman filed his motions to withdraw his plea before the plea agreement had been accepted by the district court, Washman should have been allowed to withdraw whether or not he had a fair and just reason for withdrawing.

### IV.

We conclude that the district court erred in denying Washman's motions to withdraw from the plea agreement. We reverse Washman's conviction and remand to the district court so that Washman can plead anew.

REVERSED and REMANDED.