**UNITED STATES of America, Plaintiff,**

**v.**

**Javier LOPEZ–REYES, Defendant.**

**Crim. No. 95–0478–03–R.**

United States District Court,
S.D. California.

June 24, 1996.

Order Denying Reconsideration
July 15, 1996.

---

Eric M. Acker, Assistant United States Attorney, San Diego, CA, for Plaintiff.

Oscar E. Toscano, Glendale, CA, for Defendant.

---

### ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA

RHOADES, District Judge.

This matter is before the Court on Defendant Javier Lopez–Reyes' motion to withdraw his guilty plea. For the reasons stated below, the motion is denied.

## I. Background

On January 26, 1996, Defendant pleaded guilty to Count One of an indictment charging him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant pleaded guilty pursuant to a signed plea agreement which was filed January 29, 1996. The Court conducted a Rule 11 hearing, and finding that the plea had been "freely and voluntarily made" and that the defendant had a "full understanding of the charges and consequences of the plea," the plea was entered. The plea agreement was ordered filed and sentencing was set for April 15, 1996. Sentencing was then continued to June 24, 1996. On June 13, 1996, Defendant filed the instant motion to withdraw his guilty plea.

## II. Discussion

### A. Withdrawal Without a "Fair and Just" Reason

Lopez–Reyes contends that a defendant is entitled to withdraw a guilty plea anytime prior to sentencing without establishing "fair and just" reasons. Defendant relies on three Ninth Circuit cases for this argument: *United States v. Hyde*, 82 F.3d 319 (9th Cir.1996); *United States v. Washman*, 66 F.3d 210 (9th Cir.1995); *United States v. Cordova–Perez*, 65 F.3d 1552 (9th Cir.1995).

However, the Ninth Circuit precedent allowing withdrawal of guilty pleas without fair and just reason is limited to pleas connected with plea agreements which were binding on the court under Rule 11(e)(1)(A) or 11(e)(1)(C). *See Washman*, 66 F.3d at 212 ("Washman and the government entered into the type of plea agreement that includes a binding sentencing range. This type of agreement is governed by Fed.R.Crim.P. 11(e)(1)(C)."); *Cordova–Perez*, 65 F.3d at 1555 ("[W]hen a defendant offers to plead guilty ... the court has three options [under] Fed.R.Crim.P. 11(e)(1)(A)."). Here, the plea agreement was a non-binding recommendation pursuant to Rule 11(e)(1)(B). There is never a need for the Court to "accept" or "reject" an (e)(1)(B) plea agreement.[1]

---

1. A court only accepts or rejects the recommendations in the plea agreement. However under 11(e)(1)(A) or (C), the Court must formally "accept" or "reject" the plea. It is only in these binding pleas that the plea and the plea agreement are "inextricably bound up together," such that the Court cannot accept the plea without accepting the plea agreement.

Therefore, the cited Ninth Circuit precedent is inapposite.[2] Defendant is required to show fair and just reasons for withdrawal of his guilty plea in this case.

### B. Fair and Just Cause

■ To withdraw a plea prior to sentencing, a defendant must establish a "fair and just" reason for doing so. *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir.1995). The burden of establishing a fair and just reason rests with the defendant. *United States v. Myers*, 993 F.2d 713, 714 (9th Cir. 1993). Whether to permit the defendant to withdraw a guilty plea "is within the sound discretion of the district court." *Alber*, 56 F.3d at 1111 (citing *United States v. Signori*, 844 F.2d 635, 637 (9th Cir.1988)).

Here, Defendant offers several explanations for his "fair and just" reason. First, he argues that the written plea agreement has internal inconsistencies which render the plea misleading. Next, he contends that the factual proffer in the plea agreement contains facts which require speculation on the part of the Defendant. Finally he claims that his attorney failed to adequately explain the plea agreement to him, told him that the sentence received would be much shorter than that recommended in the plea agreement and led him to believe that he had no choice but to enter a plea of guilty. None of Defendant's contentions is supported by the record and none represents "fair and just" cause for the Court to permit Defendant to withdraw the guilty plea.

### 1. Internal Inconsistencies

Defendant identifies five sections of the plea agreement which he contends have internal inconsistencies. The Court disagrees.

■ First, Defendant contends that the plea agreement indicates a ten year mandatory minimum sentence without mentioning that adjustments may be available which permit a sentence below the mandatory minimum. However, the plea agreement clearly states that the safety valve (U.S.S.G.

§ 5C1.2) may be available, resulting in a sentence below the minimum mandatory. *See* Plea Agreement at 8.

■ Next, Defendant argues that since the plea agreement states that the Sentencing Guidelines will govern his sentence and that the recommendation in the plea agreement is not binding on the Court, the plea agreement is internally inconsistent. These two provisions are in no way inconsistent. The Sentencing Guidelines will govern the sentence, and the plea agreement is not binding on the Court. The plea agreement is perfectly clear on both these facts.

■ Next, Defendant contends that the plea agreement is inconsistent because it does not indicate that the Defendant will receive a four point reduction for "minimal participant" under § 3B1.2(a). The plea agreement is not inconsistent; it reflects the agreement between the parties. No four-point departure for minimal participant will be recommended, and Defendant is precluded for requesting such an adjustment. *See* Plea Agreement at ¶ XI(c).

Next, Defendant argues, similar to above, that the agreement is inconsistent because it indicates that Defendant cannot seek any adjustments or departures other than those set forth in the agreement. Again, far from being inconsistent, the agreement is perfectly clear.

■ Finally, Defendant claims that the clause in the agreement indicating what the Government's recommendation will be is inconsistent. The agreement clearly states that the Government will recommend the low end of the Guideline range unless the Court adopts an offense level or downward adjustment below the Government's recommendation. In that event, the Government will recommend a sentence "as near as possible to what the sentence would have been if the Government's recommendations had been followed." There is no ambiguity in this statement: the plea agreement clearly lays out the Government's obligation.

---

2. As the Government points out, to extend the *Hyde* decision to non-binding plea agreements pursuant to Rule 11(e)(1)(B) would require the Court to ignore Rule 11(e)(2), Rule 32(e) and established Ninth Circuit precedent. *See* Government's Opposition at 14. This the Court will not do.

In short, the plea agreement is a model of clarity. There are no inconsistencies, and the plea agreement clearly and explicitly spells out the Government's obligations. In light of the clarity of the plea agreement, Defendant's arguments border on frivolity. Defendant's motion on this argument is denied.

### 2. The Factual Proffer

■■■ Defendant's next argument is that the factual proffer in the plea agreement is insufficient in that it contains facts which require speculation on the part of the Defendant. To be sufficient, all that is required is that the Court be satisfied that a factual basis exists for each of the elements in the charge to which the defendant pleads guilty. Fed.R.Crim.P. 11(f); *United States v. Alber,* 56 F.3d 1106, 1110 (9th Cir.1995). Here, the factual allegations contained in the plea agreement, which the Defendant represented to be "true and correct facts," clearly support a factual basis for each of the elements of the charge to which Defendant pleaded guilty. Furthermore, the Court does not agree that the factual proffer contains facts which could not have been within the knowledge of the Defendant, or which would require speculation on his part. This argument does not support Defendant's motion to withdraw his guilty plea, and does not establish a "fair and just" reason for the Court to permit a withdrawal.

### 3. Attorney–Client Relationship

Defendant has made three contentions with respect to the attorney-client relationship: (1) his attorney failed to adequately explain the plea agreement; (2) his attorney told him that the sentence would be well below that contained in the plea agreement; and (3) his attorney led him to believe he had no choice but to enter a plea of guilty. Each of these contentions is refuted by the record.

■■■ First, the record indicates that Defendant fully understood the plea agreement. The Court asked Defendant "Do you have a full understanding of your obligations, after your discussion with your attorney, your obligations under the Plea Agreement and a full understanding of the obligations of the Government under the Plea Agreement?" Defendant responded "Yes." *See* Transcript of Plea at 7–8. Defendant also indicated that he had no questions for the Court or for his counsel regarding the plea agreement, and that he had had enough time to review the plea agreement with counsel prior to entering the plea. *Id.* at 8, 9. The record clearly reflects that Defendant understood the plea agreement.

■■■ Next, Defendant contends that his attorney represented to him that the sentence would be well below that contained in the plea agreement. This conflicts with Defendant's statements in open court when he pleaded guilty. He was informed, and said he understood, that the Court would determine his sentence pursuant to the Sentencing Guidelines. *Id.* at 20, 22. He stated he understood what the maximum sentence could be, and that no one had promised him the sentence would be anything less. He further stated that he realized he would not have a right to withdraw his guilty plea if he was unhappy with the sentence. Defendant's contention that he was promised a sentence lower than that contained in the plea agreement is not supported by the record.

■■■ Finally, Defendant argues that his attorney told him he had no choice but to plead guilty. This too is directly contradicted by the record. When asked by the Court, Defendant stated that he had not been threatened or coerced into entering the guilty plea, that he had not been made any promises aside from the consideration in the plea agreement, and that he was pleading guilty voluntarily and because he was guilty and for no other reason. *See* Transcript at 19, 20, 22, 24. Defendant's argument is contradicted by the record.

### III. Conclusion

For the reasons stated above, Defendant's motion to withdraw his guilty plea is denied. Defendant's sentencing hearing will proceed as scheduled.

IT IS SO ORDERED:

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA

This matter is before the Court on Defendant Javier Lopez–Reyes' motion for recon-

sideration of this Court's order denying his motion to withdraw his guilty plea. For the reasons stated below, the motion for reconsideration is denied.

The basis of Defendant's motion is that this Court misread the holding in *United States v. Hyde*, 82 F.3d 319 (9th Cir.1996), misconstruing the case to apply only to plea agreements entered into pursuant to Rule 11(e)(1)(A) and 11(e)(1)(C). Defendant argues that the *Hyde* case was a plea agreement entered into pursuant to 11(e)(1)(B), just as Defendant's plea agreement was. Defendant argues that the Ninth Circuit rule permitting withdrawal of a plea agreement without cause prior to acceptance by the Court is not limited to 11(e)(1)(A) and 11(e)(1)(C) plea agreements, but applies to all plea agreements. Defendant further argues that the United States Attorney's Office knew that the *Hyde* case was a 11(e)(1)(B) case yet deliberately mislead the Court to the Court's ultimate erroneous conclusion.

The Government responds by demonstrating that the district court in the *Hyde* case made a factual finding that the plea agreement was made pursuant to Rule 11(e)(1)(A), despite the fact that the plea agreement itself cited 11(e)(1)(B). *See* Order Denying Hyde's Motion to Withdraw Guilty Plea at 10, stating

> The instant Plea Agreement (in Hyde's case) indicates that it is pursuant to Rule 11(e)(1)(B). However counsel for the Government explained at the hearing that this was a typographical error and that the Agreement should have indicated Rule 11(e)(1)(A). The Court has reviewed the Plea Agreement and concurs with the Government. At paragraph 1 of the Plea Agreement, the Government expressly agreed to dismiss Count V through VIII of

the Indictment in exchange for his guilty plea as to Counts I through IV.

It appears from the record that the plea agreement at issue in *Hyde* was an agreement made pursuant to Rule 11(e)(1)(A), not 11(e)(1)(B). Although the Ninth Circuit opinion does not specify whether the plea agreement was pursuant to 11(e)(1)(B) or 11(e)(1)(A), the District Court was clear that the plea agreement was made pursuant to 11(e)(1)(A). Similarly, although the Ninth Circuit opinion in *Hyde* does not specifically state that the holding is limited to plea agreements made pursuant to 11(e)(1)(A) or 11(e)(1)(C), this Court finds that to apply the rule to plea agreements made pursuant to 11(e)(1)(B) would be inappropriate.[1] As stated in this Court's previous order,

> There is never a need for the Court to "accept" or "reject" an (e)(1)(B) plea agreement. A court only accepts or rejects the recommendations in the plea agreement. However under 11(e)(1)(A) or (C), the Court must formally "accept" or "reject" the plea. It is only in these binding pleas that the plea and the plea agreement are "inextricably bound up together," such that the Court cannot accept the plea without accepting the plea agreement. Therefore, the cited Ninth Circuit precedent is inapposite. As the Government points out, to extend the *Hyde* decision to non-binding plea agreements pursuant to Rule 11(e)(1)(B) would require the Court to ignore Rule 11(e)(2), Rule 32(e) and established Ninth Circuit precedent. *See* Government's Opposition at 14.

Previous Order at 2–3, n. 1 and n. 2.

This Court acknowledges that the Ninth Circuit opinion in *Hyde* is indefinite on exactly to what types of plea agreements it applies. It would be possible to read the opin-

---

1. Defendant has submitted a supplemental memorandum arguing that the district court's opinion denying the motion to withdraw the guilty plea was reversed on appeal and thus the factual conclusion that the plea agreement was made pursuant to 11(e)(1)(A) was found to be erroneous. Defendant further contends that the U.S. Attorney's Office in the Hyde case, on petition for rehearing acknowledged that the holding applies to all plea agreements, not just 11(e)(1)(A) and 11(e)(1)(C) plea agreements. This Court is not bound by the U.S. Attorney's Office's interpretation of Ninth Circuit case law, even where the U.S. Attorney's Office was involved in the case. Nor, is this Court aware of any rule that prevents the U.S. Attorney's Offices from arguing contrary positions in different cases. In any event, this Court interprets *Hyde* to be limited to plea agreements that must be accepted by the Court; in other words, 11(e)(1)(A) and 11(e)(1)(C) plea agreements.

ion as applying to all plea agreements whether made pursuant to 11(e)(1)(A), 11(e)(1)(B) or 11(e)(1)(C). However, it is also possible to read the rule as only applying where the Court needs to "accept" the plea agreement; that is, plea agreements made pursuant to 11(e)(1)(A) and 11(e)(1)(C). For policy reasons, this Court declines to give the *Hyde* opinion the broader application. Such a reading, applying the rule to 11(e)(1)(B) agreements, would result in an impracticable situation where every criminal defendant could wait until seeing the presentence report to decide whether or not to proceed with a guilty plea. As the Seventh Circuit observed in *United States v. Ellison,* 798 F.2d 1102, 1105–06 (7th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987):

> Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.

As noted above and in this Court's prior order, this seems to directly contradict several rules of criminal procedure as well as established Ninth Circuit precedent. Accordingly, the Court reads the *Hyde* decision to apply narrowly, reaching only those plea agreements entered pursuant to Rule 11(e)(1)(A) and 11(e)(1)(C).

For the reasons stated above, the Court finds Defendant's motion for reconsideration to be without merit. Defendant's request for sanctions against the United States Attorney's Office is similarly misguided and is denied. Defendant's motion for reconsideration is denied. Defendant is not permitted to withdraw his guilty plea and he will be sentenced as scheduled.

IT IS SO ORDERED: