**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert E. HYDE, Defendant–Appellant.**

**No. 95–10113.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1996.

Decided April 30, 1996.

As Amended on Denial of Rehearing
and Rehearing En Banc July 29, 1996.

Jonathan D. Soglin, Oakland, California, for defendant-appellant.

Joel R. Levin, Assistant United States Attorney, San Francisco, California, for plaintiff-appellee.

Before: WARREN J. FERGUSON, DOROTHY W. NELSON, and FERDINAND F. FERNANDEZ, Circuit Judges.

Opinion by Judge FERNANDEZ; Concurrence by Judge FERGUSON.

FERNANDEZ, Circuit Judge:

Robert Elmer Hyde was indicted for mail fraud and wire fraud. *See* 18 U.S.C. §§ 1341, 1343, 2(b). He then entered into a plea agreement and entered his guilty plea. The district court accepted the guilty plea but reserved ruling on the acceptance of the plea agreement until it had seen the presentence report. Long before that report was prepared, Hyde moved to withdraw his plea. The district court determined that he had not given a sufficient reason to justify withdrawal. Thus, it denied his motion and went forward to judgment and sentencing. Hyde appealed. We reverse and remand.

## STANDARD OF REVIEW

We review for an abuse of discretion the district court's denial of a motion to withdraw a guilty plea. *See United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir.1995). A failure to apply the correct legal principles is an abuse of discretion. *See Hunt v. National Broadcasting Co., Inc.*, 872 F.2d 289, 292 (9th Cir.1989).

## DISCUSSION

The government argues and the district court found that Hyde did not offer a "fair and just reason" to withdraw his plea. Fed.R.Crim.P. 32(e). However, we have held that when a defendant makes a motion to withdraw his guilty plea before the district court has accepted that plea, he need not offer any reason at all for his motion; the district court must permit the withdrawal. *See United States v. Washman*, 66 F.3d 210, 212–13 (9th Cir.1995); *United States v. Savage*, 978 F.2d 1136, 1137 (9th Cir.1992), *cert. denied*, 507 U.S. 997, 113 S.Ct. 1613, 123 L.Ed.2d 174 (1993). As we said in *Washman:*

> We need not decide whether Washman had a "fair and just" reason for withdrawing his plea pursuant to Fed.R.Crim.P.
> 32(e) because we hold that Washman should have been allowed to withdraw his plea without offering any reason. The reason is that, at the time Washman moved to withdraw from the plea agreement, the district court had not yet accepted the plea. Under our precedent, Washman and the Government were not bound by the plea agreement until it was accepted by the court.

66 F.3d at 212 (citations omitted).

But, the government argues, the district court did accept Hyde's plea even if it did not accept the plea agreement. That is a distinction without a difference. As we have held, "[t]he plea agreement and the plea are 'inextricably bound up together' such that the deferment of the decision whether to accept the plea agreement carried with it postponement of the decision whether to accept the plea. This is so even though the court explicitly stated it accepted [the] plea." *United States v. Cordova–Perez*, 65 F.3d 1552, 1556 (9th Cir.1995) (citations omitted).

We have heard the government's ululation that the Sentencing Guidelines prohibit an early acceptance of pleas. United States Sentencing Guidelines § 6B1.1(c)[1] provides that:

> The court shall defer its decision to accept or reject any nonbinding recommendation pursuant to Rule 11(e)(1)(B), and the court's decision to accept or reject any plea agreement pursuant to Rules 11(e)(1)(A) and 11(e)(1)(C) until there has been an opportunity to consider the presentence report....

The government's concern is a bit overstated because a close reading of the Guideline shows that some plea agreements may still be accepted at the time of the plea. However, the Guidelines undoubtedly take away much of the discretion that a district court would otherwise have.[2] *See* Fed. R.Crim.P. 11(e)(1) & (2). Nevertheless, if

---

1. Because of *ex post facto* considerations, the district court used the Guideline Manual in effect July 15, 1988. This provision, however, remains the same to this day.

2. At the very least, the district court must consider policy statements. We need not decide whether they are binding absent a departure. *Compare United States v. Forrester*, 19 F.3d 482, 483–84 (9th Cir.1994) *with United States v. Plunkett*, 74 F.3d 938, 940 (9th Cir.1996). Whether they are binding or not, the result of this case remains the same.

the Sentencing Commission's interference with district court discretion causes practical difficulties regarding pleas, as well it may, that is a situation to which the Commission can turn its attention.

## CONCLUSION

When a defendant seeks to plead guilty, the district court must hold a plea hearing. Fed.R.Crim.P. 11. According to that Rule, the court may then accept, reject, or defer a decision on acceptance or rejection. Fed.R.Crim.P. 11(e). If the court defers acceptance of the plea or of the plea agreement, the defendant may withdraw his plea for any reason or for no reason, until the time that the court does accept both the plea and the agreement. Only after that must a defendant who wishes to withdraw show a reason for his desire. Fed.R.Crim.P. 32(e).

Thus, the district court erred when it refused to allow Hyde to withdraw his plea. We therefore reverse his conviction and remand so that he can plead anew.

REVERSED and REMANDED for further proceedings.

FERGUSON, Circuit Judge, concurring.

While I concur in the opinion of this case, I write in order to restate my dissent in *United States v. Cordova–Perez,* 65 F.3d 1552 (9th Cir.1995).

I continue to believe that case was decided incorrectly and that an injustice was done. Yet the government insisted upon the result. Now it would like us to disregard *Cordova–Perez,* which of course would be a monumental disaster. The government cannot have it both ways. When it advocated the result in *Cordova–Perez,* it must live with the mistake.