106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Starling Prenell KENNEDY, aka: "STERLING," Defendant-Appellant.
 No. 95-50062.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1996.
Decided Jan. 22, 1997.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Starling Prenell Kennedy ("Kennedy") pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). After the district court denied his motion to withdraw his guilty plea, Kennedy was sentenced to 168 months in prison. On appeal, he alleges that the district court erred by not allowing him to withdraw his plea and that his sentence constitutes cruel and unusual punishment under the Eighth Amendment and denies him equal protection of the law. We AFFIRM the district court's decision and sentence.
 
 
 3
 In general, a defendant has the right to withdraw his guilty plea for any reason until such time as the district court accepts both the plea and the plea agreement. United States v. Hyde, 82 F.3d 319, 320 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3354 (U.S. Oct. 28, 1996) (No. 96-667). Once the district court has accepted the plea and plea agreement, however, Fed.R.Crim.P. 32(e) applies and requires the defendant to show a "fair and just reason" for permitting withdrawal of his guilty plea. Id. at 321.
 
 
 4
 Here, the district court had accepted Kennedy's plea, had read and considered the presentence report ("PSR"), and had expressed a "tentative conclusion" regarding sentencing before Kennedy made his motion to withdraw his plea. Under these facts, the district court had accepted both the plea and plea agreement prior to Kennedy's motion. Cf. United States v. Cordova-Perez, 65 F.3d 1552, 1555 (9th Cir.1995) (holding that court's silence when presented with plea agreement does not indicate acceptance or rejection of agreement, but deferral of decision until after consideration of PSR, even when court explicitly accepted plea), cert. denied, 117 S.Ct. 113 (1996). Therefore, Kennedy bears the burden of showing a "fair and just reason" why he should be allowed to withdraw his plea.
 
 
 5
 As concessions at oral argument made clear, however, there was no "fair and just reason" to permit Kennedy to withdraw his plea. His plea was voluntary and intelligent and his lawyer represents that he informed Kennedy--prior to the entry of his plea--how the Guidelines would apply to his case.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3