107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mirssa ARAIZA-REYES, a/k/a Mirssa Araiza Reyes, Defendant-Appellant.
 No. 95-50612.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1997.
Decided Feb. 28, 1997.
 
 Before: D.W. NELSON, TROTT, Circuit Judges, and ROBERT J. BRYAN,* District Judge.
 MEMORANDUM**
 Mirssa Araiza-Reyes appeals his conviction of illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326(a), (b)(1), (b)(2). He pled guilty and now argues that his plea of guilty and sentence should be vacated because his federal public defender failed to provide effective assistance of counsel, and because the district court erroneously denied his request for substitute counsel. He also argues that his sentence should be vacated because he was denied his right to allocution at sentencing. Finally, Araiza-Reyes argues that the district court's order to bind and gag him during the sentencing proceedings violated his due process rights.
 I.
 After entry of his plea of guilty and before sentencing, Araiza-Reyes corresponded with the district court, seeking substitution of defense counsel and withdrawal of his guilty plea. Thereafter, defense counsel filed a request for a hearing on Araiza-Reyes' request for substitution of counsel. At the sentencing hearing, both motions were denied by the district court. The court concluded that the defense lawyer was competent, and that no facts supported withdrawal of the guilty plea. Araiza-Reyes was disruptive during the sentencing proceedings and disobeyed the district court's admonishments. The district court ordered Araiza-Reyes' mouth taped, but the tape was removed before the proceedings were concluded.
 II.
 Araiza-Reyes' first ground for appeal is the district court's denial of his request for substitution of defense counsel. We review a denial of a motion for substitution of counsel for abuse of discretion. United States v. D'Amore, 56 F.3d 1202, 1204 (9th Cir.1995). That discretion must be exercised with the limitations of the Sixth Amendment in mind. Id. (citing United States v. Ray, 731 F.2d 1361, 1365 (9th Cir.1984)). The Sixth Amendment right is qualified in that it may be abridged to serve some "compelling purpose," such as prevention of delay in the proceedings, when the need for promotion of the prompt and efficient administration of justice outweighs the defendant's need for new counsel. Id. (citing United States v. Lillie, 989 F.2d 1054, 1055-56 (9th Cir.1993); United States v. Kelm, 827 F.2d 1319, 1322 (9th Cir.1987)). Unless there is such a compelling purpose, the Sixth Amendment right to counsel is violated when there is an erroneous denial of a motion to substitute counsel. Such an error must be reversed, regardless of prejudice. Id.
 Review of a district court's denial of a defendant's motion for substitution of counsel requires consideration of the following factors: "1) timeliness of the motion; 2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." United States v. Walker, 915 F.2d 480, 482 (9th Cir.1990) (quoting United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir.1985)).
 1. Timeliness. Timeliness was not a basis for the district court's ruling.
 2. Adequacy of the court's inquiry. A formal inquiry into the defendant's request for substitute counsel, it must conduct a formal inquiry into the defendant's reasons for dissatisfaction with present counsel. D'Amore, 56 F.3d at 1205; United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986). Because this factor focuses on the nature and extent of the conflict between the defendant and his counsel, the reviewing court should determine if the district court gave "a sufficient basis for reaching an informed decision." D'Amore, 56 F.3d at 1205. At the same time, the district court must be accorded sufficient latitude to conduct the proper inquiry under the circumstances of each case. Walker, 915 F.2d at 483.
 In the D'Amore case, we held that the district court's inquiry was clearly inadequate. 56 F.3d at 1205. There, the district court appeared to have reached a tentative decision from previous proceedings and did not question the defendant or his counsel further on the reasons for the conflict. Id. Similarly, in the Walker case, we found that the district court's failure to ask specific questions about the defendant's dissatisfaction with his attorney was an inadequate inquiry. 915 F.2d at 483.
 Here, the district court did not ask either defense counsel or the defendant why the defendant believed that a conflict existed. The minimal colloquy centered on the competence of counsel, rather than on conflicts between lawyer and client. The district court did not conduct the required inquiry.
 3. Degree of Conflict. The district court must examine "whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992) (claimed conflict was not so severe as to prevent all communication and ability to conduct a defense). A conflict is not sufficient to mandate substitution if the breakdown in communication is caused by the defendant's obstreperous and unreasonable refusal to cooperate with counsel. Hudson v. Rushen, 686 F.2d 826, 831 (9th Cir.1982).
 In this case, it is impossible to determine the degree of conflict between the attorney and the defendant because the district court did not inquire as to the nature and extent of the conflict.
 Because the district court did not conduct the required inquiry, the district court's denial of Araiza-Reyes' request to substitute counsel is vacated and remanded for rehearing.
 III.
 Araiza-Reyes also argues that the district court erroneously denied his motion for withdrawal of his guilty plea. We review a denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Hyde, 82 F.3d 319 (9th Cir.1996), cert. granted, --- U.S. ----, 117 S.Ct. 759 (1997). Withdrawal of a plea of guilty may be permitted "upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). When the defendant makes such a showing, the withdrawal should be freely given. United States v. Myers, 993 F.2d 713, 714 (9th Cir.1993). A "fair and just reason" has been defined as "unfairly obtained or given through ignorance, fear or inadvertence." United States v. Rubalcaba, 811 F.2d 491, 492-93 (9th Cir.1987) (citations omitted). Statements made during the plea hearing are entitled to a strong presumption of veracity in later attacks on the plea. United States v. Anderson, 993 F.2d 1435, 1438 (9th Cir.1993); United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991).
 Araiza-Reyes argues that he entered into the plea agreement and pled guilty because he felt he was not adequately represented by his attorney and he had no choice. Because his motion to withdraw his guilty plea is intertwined with the question of substitution of defense counsel, the ruling on the motion to withdraw plea is vacated and remanded to the district court for further proceedings following consideration of Araiza-Reyes' request for substitution of counsel.
 It is unclear whether the defendant's plea agreement was accepted by the court before the motion to withdraw plea was made. If it was not yet accepted, then the defendant was entitled to withdraw his guilty plea without offering any justification. Hyde, 82 F.3d at 320.*** Thus, on remand, if the district court determines that the defendant's motion was made before the plea agreement was accepted, then the court must permit the defendant to withdraw his plea.
 IV.
 Araiza-Reyes argues that the district court did not grant his right to allocution at sentencing. "We review the district court's failure to afford appellant his right of allocution for harmless error." United States v. Carper, 24 F.3d 1157, 1162 (9th Cir.1994). Federal Rule of Criminal Procedure 32(c)(1)(3) provides that before imposing sentence, the court shall allow the defendant "to make a statement and present any information in mitigation of the sentence. 'The right of allocution allows a defendant to personally address the court before sentencing in an attempt to mitigate punishment.' " Carper, 24 F.3d at 1158 (quoting United States v. Barnes, 948 F.2d 325, 328 (9th Cir.1991)).
 Here, the record shows that the district court clearly gave Araiza-Reyes the opportunity to speak on his own behalf before the imposition of sentence. Araiza-Reyes' attorney advised the court that the appellant had nothing to present and Araiza-Reyes verified that statement. Therefore, his right of allocution was not violated. We affirm the district court on this issue.
 V.
 Finally, Araiza-Reyes contends that the district court violated his due process right by gagging him at the sentencing hearing. Great deference must be given to the trial court on the use of gags in the courtroom. Stewart v. Corbin, 850 F.2d 492, 498 (9th Cir.1988) (relying on United States v. Ives, 504 F.2d 935, 942 (9th Cir.1974), vacated on other grounds, 421 U.S. 944 (1975), opinion reinstated, 547 F.2d 1100 (9th Cir.1976)). The use of gags is not per se unconstitutional. Illinois v. Allen, 397 U.S. 337, 343-44 (1970).
 Usually, this issue arises in the context of the use of gags during trial. In that context, the court must balance the right of the defendant to be presumed innocent and the court's interest in the security of the proceedings. Stewart, 850 F.2d at 497 (quoting Brewster v. Bordenkircher, 745 F.2d 913, 915 (4th Cir.1984)). The defendant cannot be allowed to disrupt and frustrate the proceedings. Id. The focus is on the appellant's behavior in the court. Id.
 Here, Araiza-Reyes' mouth was taped following disruptive behavior early in the sentencing proceedings. No jury was present. The district court ordered the gag removed on defense counsel's request and on Araiza-Reyes' agreement that he would behave. The removal of the gag occurred before sentence was imposed. Although the entire matter could have been handled differently, the appellant's constitutional rights were not violated in this regard. We affirm the district court's decision to gag Araiza-Reyes.
 CONCLUSION
 We vacate the district court's denial of Araiza-Reyes' request for substitution of counsel, the order denying withdrawal of plea, and his sentence. We remand for further proceedings. First, Araiza-Reyes' request for substitution of counsel should be considered. Then the district court should conduct further necessary proceedings regarding Araiza-Reyes' motion for withdrawal of his guilty plea. Finally, the case should proceed to trial or to resentencing as may be appropriate.
 This panel retains jurisdiction over any further appellate matters in this case.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Circuit Rule 36-3
 
 
 ***
 We note that the U.S. Supreme Court has granted certiorari in Hyde. Whether the rule of Hyde (that a defendant has the right to withdraw a guilty plea at any time before a plea agreement is accepted by the court) will survive certiorari remains to be seen