**UNITED STATES of America, ·
Plaintiff—Appellee,**

v.

**Malcolm King NELSON, Defendant—
Appellant.**

No. 99–30368.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2000.

Decided Jan. 18, 2001.

Before B. FLETCHER and FISHER,
Circuit Judges, and SCHWARZER,*
District Judge.

MEMORANDUM**

Malcolm King Nelson was arrested as
part of an armed bank robbery conspiracy.

---

* The Honorable William W. Schwarzer, Senior
District Judge, United States District Court
for the Northern District of California, sitting
by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

After entering into a plea agreement with the government, Nelson pled guilty on April 30, 1999 to several of the charges in the indictment. Two days before his sentencing, Nelson filed a motion to withdraw his guilty plea. After conducting a hearing, the district court denied the motion. Nelson appeals the denial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nelson argues he had the absolute right to withdraw his guilty plea because it had not been accepted by the district court. *See United States v. Washman,* 66 F.3d 210 (9th Cir.1995). When Nelson entered his plea, however, the district court engaged him in a full Rule 11 colloquy regarding the charges against him, the possible punishments and the rights Nelson was waiving by pleading guilty. The district court said "all right" rather than "I accept your plea," but it went on to conclude on the record that Nelson knew the possible punishments and had "knowingly and intelligently" waived his right to a jury trial. The district court then set the case for sentencing and said explicitly that it would decide whether to accept the plea *agreement* after it saw the presentence report. In the context of this case, "all right" signified acceptance of the plea.

We have reviewed the record, including the transcript of the plea acceptance hearing, and are satisfied that the district court did not abuse its discretion in denying Nelson's motion to withdraw his plea. Once a plea has been accepted by the court, a defendant must offer a "fair and just" reason for the court to allow that plea to be withdrawn. *See United States v. Rios–Ortiz,* 830 F.2d 1067 (9th Cir.1987). Moreover, where, as here, the motion is made after a co-defendant has been sentenced, a defendant must demonstrate "manifest injustice" in order to withdraw his or her plea. *See United States v.*

*Hoyos,* 892 F.2d 1387 (9th Cir.1989). Here, Nelson offered no reason at all and the district court correctly denied his motion to withdraw the plea.

AFFIRMED.