**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Luis CHAVEZ, a/k/a Jose Fuentez–
Villagran, Defendant—
Appellant.**

No. 01–30213.

D.C. No. CR–00–00040–EJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided June 6, 2002.

Before D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Defendant Luis Chavez appeals the district court's order denying his motion to withdraw his guilty plea. Defendant was indicted for conspiracy to distribute, possession with intent to distribute, and actually distributing methamphetamine and/or cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B); 21 U.S.C. § 846; and 18 U.S.C. § 2. After Defendant pled guilty to the conspiracy charge, the district court adopted the government's recommendation in the plea agreement and sentenced Defendant to the mandatory minimum sentence which, because of Defendant's prior conviction for a felony drug offense, was 20 years in prison. 21 U.S.C. § 841(b)(1)(A). The district court also granted the government's motion to dismiss the remaining counts.

As the parties are familiar with the facts, we discuss only those necessary to our determination. We review de novo whether a district court has complied with Rule 11. *United States v. Aguilar–Muniz,* 156 F.3d 974, 976 (9th Cir.1998). We review a district court's decision whether to grant a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Turnipseed,* 159 F.3d 383, 387 (9th Cir. 1998).

**A. The District Court Complied with Rule 11**

■ Defendant argues that the district court violated Rule 11(c)(3) by failing to advise him during the plea colloquy of his right to assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination. Defendant is correct that during the plea colloquy the district court failed to inform him of these constitutional rights that he waived by entering a guilty plea. Nonetheless, in determining whether Defendant was fully informed of his constitutional rights prior to entry of his plea, we consider prior proceedings before the district court in addition to the plea proceeding. *See United States v. Vonn,* —— U.S. ——, —— – ——, 122 S.Ct. 1043, 1054–55, 152 L.Ed.2d 90 (2002). Here it is undisputed that Defendant was advised of all of his constitutional rights by the magistrate judge at his initial appearance. Accordingly, this argument fails.

■ Defendant also contends that the district court failed to confirm that a factual basis existed for his guilty plea pursuant to Rule 11(f). Defendant pled guilty to conspiracy to trafficking methamphetamine. During the plea proceeding, the government informed the court that its evidence would establish that, between November 1, 1996 and approximately August 6, 1999, Defendant and another man

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

transported at least 25 pounds of methamphetamine from California to Idaho. This representation, which Defendant did not dispute, was sufficient for the court to conclude that there was an adequate factual basis to support Defendant's plea to the charge of conspiracy to distribute a controlled substance. *See United States v. Lomow*, 266 F.3d 1013, 1017 (9th Cir.2001). Thus, the district court adequately complied with Rule 11(f).

**B. The District Court Did Not Abuse Its Discretion by Denying Defendant's Motion to Withdraw His Guilty Plea**

Defendant also contends that the district court did not accept his guilty plea when he entered the plea, and thus, under *United States v. Washman*, 66 F.3d 210, 212 (9th Cir.1995), he should have been allowed to withdraw his plea for any reason prior to sentencing. Although the district court did not explicitly state "I accept your plea" at the hearing, the record indicates that the court effectively accepted the plea at that time. The court accepted Defendant's plea but deferred its decision whether to adopt the government's sentencing recommendation in the plea agreement until sentencing.

Accordingly, Defendant had to present a "fair and just reason" to withdraw his plea prior to sentencing. We find that Defendant presented no such reason and therefore conclude that the district court did not abuse its discretion when it denied Defendant's motion to withdraw his plea.

As discussed earlier, the district court complied with Rule 11. With respect to the ineffective assistance of counsel claim, even assuming that Reyes rendered ineffective assistance of counsel, Defendant cannot show prejudice. Defendant was informed about the mandatory minimum sentence both by the Information filed after the superceding indictment and by the district court at the change of plea hearing. The district court also explained the Sentencing Guidelines to Defendant and that the only way for Defendant to receive a sentence lower than the 20–year mandatory minimum would be if the government recommended a downward departure under U.S.S.G. § 5K1.1 based on Defendant's substantial assistance to the government. The court informed Defendant that it was not bound by the plea agreement and that neither it nor counsel could promise what sentence would be imposed. Additionally, Defendant obtained new counsel, Thomas Dominick, who had the opportunity to, and in fact did, file objections to the probation officer's Presentence Investigation Report. Finally, there is no evidence of a conflict of interest between Defendant and Reyes. According to Dominick, Reyes informed him that the government considered Reyes to be a witness to Defendant's drug activities, including whether Reyes's retainer was derived from illegal drug proceeds. There is no evidence to support this theory. Thus, the district court did not abuse its discretion by denying Defendant's motion to withdraw his guilty plea.

AFFIRMED.