**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Filiberto ALVAREZ–TAUTIMEZ,**
**Defendant–Appellant.**

No. 97–16763.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1998.

Decided Nov. 16, 1998.

Heather E. Williams, Assistant Federal Public Defender, Tucson, Arizona, for defendant-appellant.

Christina M. Cabanillas, Assistant United States Attorney, Tucson, Arizona, for plaintiff-appellee.

Before: BRUNETTI, TASHIMA and GRABER, Circuit Judges.

TASHIMA, Circuit Judge:

Filiberto Alvarez–Tautimez (Alvarez) appeals from the district court's denial of his motion under 28 U.S.C. § 2255 to vacate or set aside his conviction on the ground of ineffective assistance of counsel. The district court concluded that Alvarez's counsel did not provide deficient assistance in failing to file a motion to withdraw Alvarez's guilty plea. We conclude, however, that, because the plea was not accepted by the district court until the day of sentencing and, thus, could have been withdrawn without a showing of a "fair and just reason," counsel's failure to act did constitute ineffective assistance. We therefore reverse.

## I. Background

In January, 1994, United States Border Patrol agents arrested Alvarez and Jesus Carranza–Maldonado (Carranza) after stopping the car in which they were riding and discovering that it contained approximately 252 pounds of marijuana. Alvarez was the driver and Carranza was the passenger. They were indicted for conspiracy and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Both defendants pleaded not guilty. Richard B. Bacal was appointed to represent Alvarez and Sean Bruner was appointed to represent Carranza. At that time, Bacal had been a practicing lawyer for 17 months.

On March 24, 1994, Alvarez filed several pretrial motions, including a motion to suppress the seized marijuana on the ground that the Border Patrol had stopped the vehicle unlawfully and had conducted an illegal search and seizure. Carranza filed similar motions several days later.

On April 22, 1994, pursuant to a plea agreement, Alvarez appeared before a magistrate judge, who conducted a hearing on his proposed plea of guilty to possession with intent to distribute marijuana. After the hearing, the magistrate judge recommended that the district court accept the plea. The district judge did not immediately act on the recommendation.

Meanwhile, Carranza's motion to suppress the seized marijuana was granted on May 4, 1994.[1] The next day, May 5, Bruner informed Bacal of the successful outcome of Carranza's motion and suggested that Bacal try to withdraw Alvarez's guilty plea and renew his motion to suppress. Bacal indicated, however, that he probably would not attempt to withdraw the plea, because he did not believe there were legal grounds to do so. Bacal discussed the situation with his law associate, who agreed with Bacal's initial thoughts on the matter. When Bacal told Alvarez that his co-defendant's suppression

motion had been granted, he also indicated that Alvarez had little chance of successfully withdrawing his guilty plea and reinstating the suppression motion.

Bacal did not conduct any research on the feasibility or likely success of a motion to withdraw the plea, but claimed that he was familiar with the state of the applicable law.[2] No motion to withdraw the plea was ever filed.

The government appealed the order granting Carranza's motion to suppress the marijuana, but voluntarily dismissed its appeal on July 20, 1994. Because there was no longer sufficient evidence to proceed to trial, the indictment against Carranza was dismissed on July 28, 1994.

On September 12, 1994, the district court sentenced Alvarez to 30 months' imprisonment and five years of supervised release. The district judge did not accept Alvarez's plea of guilty or the plea agreement until the day of sentencing, September 12.

Alvarez was released from custody and was deported on April 8, 1996. He was arrested in the United States on new drug charges less than two months later. Those charges, as well as a petition to revoke his supervised release in this case, are currently pending.[3]

In 1996, after being charged with the new offense, Alvarez filed this § 2255 motion. The district court denied the motion, but issued a certificate of appealability under 28 U.S.C. § 2253(c)(1). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

## II. Standard of Review

 We review de novo a denial of a § 2255 motion. *United States v. Span,* 75 F.3d 1383, 1386 (9th Cir.1996). The district court's factual findings are reviewed for clear error. *Id.* We review a claim of ineffective assistance of counsel de novo. *Id.* at 1387.

---

1. Because of the plea agreement, Alvarez's motion to suppress never was adjudicated.

2. Bacal claimed that within the last several years, he had done some general research on withdrawing from plea agreements, in connec-

tion with a research and writing class that he was teaching at a local college.

3. If convicted on the new offense, Alvarez will face enhanced penalties as a result of his 1994 conviction.

## III. Discussion

■ Alvarez contends that Bacal's assistance was ineffective because Bacal did not file a motion to withdraw Alvarez's guilty plea after Carranza's motion to suppress had been granted.[4] "A claim of ineffective assistance may be used to attack the voluntariness and hence the validity of a guilty plea." *United States v. Keller,* 902 F.2d 1391, 1394 (9th Cir.1990). To establish a claim of ineffective assistance of counsel, the petitioner must show that counsel's advice was both defective and prejudicial. *Id.*

### A. Deficient Performance

■ Counsel's performance was deficient if it "fell outside the wide range of professional competence." *Crotts v. Smith,* 73 F.3d 861, 865 (9th Cir.1996). A court must "indulge a strong presumption" that counsel's conduct falls within the range of competence. *Iaea v. Sunn,* 800 F.2d 861, 864 (9th Cir.1986).

■ At the time Bacal learned that Carranza's motion to suppress had been granted and the indictment against him dismissed, the district court had not yet accepted Alvarez's guilty plea. Rather than moving to withdraw Alvarez's plea and renewing his motion to suppress, however, Bacal advised Alvarez that the chances for withdrawal were slim. He conducted no research and made no attempt to withdraw the plea.

■ Bacal's advice and his failure to act were clearly deficient because Alvarez had the absolute right to withdraw his plea before it was accepted by the district court. We need not decide whether [the defendant] had a "fair and just" reason for withdrawing his plea pursuant to Fed.R.Crim.P. 32(e) because we hold that [the defendant] should have been allowed to withdraw his plea without offering any reason. The reason is that, at the time [the defendant] moved to withdraw from the plea agreement, the district court had not yet accepted the plea. Under our precedent [the defendant] and the Government were not bound by the plea agreement until it was accepted by the court.

*United States v. Washman,* 66 F.3d 210, 212 (9th Cir.1995) (footnote and citation omitted). *Washman* describes precisely the posture of Alvarez's case—neither the plea nor the plea agreement was accepted by the district court until the date of sentencing. Thus, Alvarez was free to withdraw his plea offer made before the magistrate judge at any time before sentencing.[5]

■ The government argues, however, that *Washman* was not decided until one year after Bacal faced the decision whether to file a motion to withdraw Alvarez's guilty plea. We recognize that the reasonableness of counsel's performance must be evaluated "as of the time of counsel's conduct." *Lowry v. Lewis,* 21 F.3d 344, 346 (9th Cir.1994) (quoting *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). *Washman,* however, was not new law. We arrived at our decision in that case through the straightforward application of precedent. *See Washman,* 66 F.3d at 212 (citing *United States v. Savage,* 978 F.2d 1136 (9th Cir.1992)). We had noted earlier in *Savage* that "a court cannot force a defendant to plead guilty because of a promise in a plea agreement. *See* Fed.R.Crim.P. 11(c)(3). *'Unless and until a court accepts a guilty plea, a defendant is free to renege on a promise to so plead.'* " *Savage,* 978 F.2d at 1137 (quoting *United States v. Papaleo,* 853 F.2d 16, 19 (1st Cir.1988) (emphasis added)). Thus, rudimentary research would have revealed our acknowledgment in *Savage* that Rule 11 itself makes it clear that the court's

4. Alvarez also claims ineffective assistance because Bacal had a conflict of interest, being more concerned with pleasing the prosecutor than representing Alvarez. Because of our disposition of the ineffective assistance claim based on Bacal's failure to move to withdraw Alvarez's guilty plea, we do not reach this issue.

5. Our holding in *Washman* has not been undercut by *United States v. Hyde,* 520 U.S. 670, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997). In *Hyde,* unlike in *Washman,* the guilty plea—but not the plea agreement—had been accepted by the trial court. *See id.* at 1632. *Hyde* does confirm that the requirement in Fed.R.Crim.P. 32(e), that a "fair and just reason" must be shown in order to withdraw a guilty plea, does not apply until *after* the plea has been accepted by the court. *See id.* at 1634.

acceptance of the plea is a necessary prerequisite to its enforcement. In *Savage*, we took it as a given that a defendant is not bound by a guilty plea until it is accepted by the court.

In sum, in mid–1994, at the time of Bacal's decision not to file a motion to withdraw Alvarez's plea, there was clear precedent that a plea could be freely withdrawn at any time before it was accepted by the district court.[6] Thus, the district court erred in concluding that Rule 32's "fair and just reason" standard would have applied to Alvarez's motion to withdraw his plea and, in turn, concluding that "there would not have been a legal basis ... to grant a motion to withdraw from the plea agreement as the law existed at that time."

Finally, Bacal's failure to file a motion to withdraw Alvarez's guilty plea cannot be justified as a reasonable tactical or strategic decision. There simply is no rational basis on which to predicate such a conclusion in the circumstances of this case. *See Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir.1994) ("[W]e have found counsel to be ineffective where he neither conducted a reasonable investigation nor made a showing of strategic reasons for failing to do so."). We thus conclude that Bacal's failure to move to withdraw Alvarez's guilty plea constituted ineffective assistance.

## B. Prejudice

■ In addition to showing deficient performance, a defendant also must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Crotts*, 73 F.3d at 865 (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). Specifically, in a case charging deficient advice culminating in a guilty plea, the defendant must show that the defective performance "affected the outcome of the plea process ... [such] that absent the erroneous advice, he would have insisted on going to trial." *United States v. Baramdyka*, 95 F.3d 840, 844

(9th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1282, 137 L.Ed.2d 357 (1997) (citation omitted).

■ Here, Alvarez was prejudiced by the denial of an opportunity to file a motion to withdraw a plea which, as shown above, would have been reasonably likely to succeed. *See Holtan v. Parratt*, 683 F.2d 1163, 1170 (8th Cir.1982) ("[W]here, as a result of ineffective assistance of counsel, a petitioner has been denied the opportunity to request withdrawal of his plea of guilty ... and where he has shown that there is a substantial probability that he would have succeeded in such a request, then an adequate showing of prejudice has been made.").

Once Alvarez's not guilty plea had been reinstated, he then could have renewed his motion to suppress the marijuana. As stated above, co-defendant Carranza's motion to suppress the seized marijuana had been granted, and the government had dismissed its appeal from that order. Without the marijuana, there was insufficient evidence to sustain a conviction. Nothing in the record suggests that the outcome of Alvarez's motion to suppress, to be determined by the same judge, on the same set of facts, would not have been identical to Carranza's motion. It is, thus, reasonably probable that the district court would have granted Alvarez's motion to suppress. Dismissal of the indictment would have followed. Manifestly, Alvarez was prejudiced by his counsel's deficient performance.

## IV. CONCLUSION

Alvarez's counsel rendered ineffective assistance to his client following the granting of co-defendant Carranza's motion to suppress and the dismissal of the indictment against him. This ineffective assistance was manifestly prejudicial to Alvarez. Consequently, we reverse the denial of Alvarez's § 2255

---

6. Our pre–1994 cases also clearly stated that a plea agreement must have been "accepted" by the district court in order to be enforceable. *See United States v. Floyd*, 1 F.3d 867, 870 (9th Cir.1993) (finding that under Rule 11, "[a] plea agreement ... must be accepted by the court before it is binding"); *United States v. Fagan*, 996 F.2d 1009, 1013 (9th Cir.1993) ("A plea agreement that has not been entered and accepted by the trial court does not bind the parties.").

motion with directions that judgment be entered granting the motion.

**REVERSED with directions.**