**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Craig J. PORTER, Defendant– Appellant.**

No. 00–35618.

D.C. CV–99–00712–ALH, CR–95–00261–ALH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2001.

Decided June 25, 2001.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Before GOODWIN, GREENBERG, and RAWLINSON,* Circuit Judges.

MEMORANDUM **

The facts and procedural history need no recitation, being familiar to the parties. The question for our decision is whether the following acts or omissions of Craig J. Porter's court-appointed lawyers rendered their assistance ineffective, requiring that

* The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

his guilty pleas to tax and bankruptcy fraud be vacated: (1) Doug Stringer's advice as to the consequences of a guilty plea; (2) John Ransom's failure to move to withdraw Porter's guilty pleas prior to sentence; (3) Ransom's failure to obtain a ruling on his objection to a psychiatric report provided to the district court in the pre-sentence report; and (4) Ransom's failure, on Porter's appeal from sentence, to raise a handful of the foregoing errors.

■ The overarching principle governing this appeal in which counsel's effectiveness is challenged is as follows:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Where, as here, the *Strickland* formulation is applied to counsel's effectiveness with respect to a plea agreement its second element

focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

■ In any event, "[j]udicial scrutiny of counsel's performance must be highly

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

deferential," there is "a strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance," and competence is to be judged without the benefit of hindsight. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. The attorney is presumed competent and the client bears the burden of showing otherwise. *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984).

For the most part we are exercising de novo review on this appeal. *See United States v. Chacon–Palomares,* 208 F.3d 1157, 1158 (9th Cir.2000); *United States v. Alvarez–Tautimez,* 160 F.3d 573, 575 (9th Cir.1998); *United States v. Myers,* 32 F.3d 411, 413 (9th Cir.1994). However, we review the district court's factual findings for clear error. *See United States v. Guess,* 203 F.3d 1143, 1145 (9th Cir.2000). After an exacting review of the many alleged instances of his attorneys' ineffectiveness, we are satisfied that Porter received effective assistance of counsel. Consequently, we affirm the district court's denial of his motion under 28 U.S.C. § 2255. We, however, remand the matter to the district court for initial consideration of Porter's request that the Goranson report be stricken from the presentence report.

AFFIRMED IN PART AND REMANDED.