**Michael HAGER, Petitioner—Appellant,**

**v.**

**Charles B. FLANIGAN, Respondent—Appellee.**

No. 00–16736.

D.C. No. CV–98–00962–PGR.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2002.*

Decided Aug. 21, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before HALL, KOZINSKI, and McKEOWN, Circuit Judges.

MEMORANDUM **

Petitioner-appellant Michael Hager appeals the district court's denial of his motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Two issues have been certified for appeal: 1) whether petitioner was misadvised by counsel as to his right to withdraw his no contest plea, and 2) whether he received ineffective assistance of counsel during his subsequent motion to withdraw his plea.

We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm. As the parties are familiar with the facts and procedural history of the case, we will not detail them here except as necessary.

## I. Counsel's Advice

The district court adopted a magistrate report and recommendation finding that Hager's trial counsel did not advise him that he was free to withdraw his plea after it was entered. A magistrate judge's findings of fact adopted by the district court are reviewed under the clear error standard. *Wildman v. Johnson,* 261 F.3d 832, 836 (9th Cir.2001).

■ In this case the magistrate's finding was not clearly erroneous. Hager provided no evidence other than his own allegation that Born misadvised him that he could withdraw his plea. The district court adopted the finding that this naked allegation was contradicted by Hager's own negative answer at the plea hearing when asked if any promises or agreements

of any kind were made to him other than those contained in the written plea agreement. While Hager now argues that he did not understand this question at the time to refer to legal advice given by counsel, the district court's reading of the evidence was not so unreasonable as to constitute clear error. Hager was told unequivocally during his plea colloquy that by pleading no contest, he would give up his right to plead not guilty or have a trial by jury. He replied "yes" when asked "is that what you want to do, give up these rights?" He was also given the opportunity to ask questions and failed to raise any issue as to the finality of his plea. There is no indication from his statements at the colloquy that he thought his plea was freely revocable. Moreover, Hager was specifically asked during argument on his motion to withdraw why he did not disclose this alleged advice to the trial judge, and he was unable to answer.

## II. Ineffective Assistance

■ In order to succeed on an ineffective assistance of counsel claim, Hager must demonstrate that his counsel's representation was deficient and that such deficiency prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Hill v. Lockhart,* 474 U.S. 52, 57–58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (*Strickland* test applies to alleged ineffective assistance in the plea process that makes a plea less than knowing and intelligent). A counsel's representation is considered deficient when his or her performance falls below "reasonableness under prevailing professional norms." *Strickland,* 466 U.S. at 688. A deficient performance is considered to be prejudicial when "there is a

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

Hager argues that Born's assistance was ineffective in two regards: 1) he failed to assist Hager in bringing his motion to withdraw his plea and to support his allegation that he was told he could withdraw his plea, and 2) he lied to the court when he said that he had taken an accident reconstruction expert to see Hager. Born's performance at sentencing was not ineffective assistance. Given the conclusion that Born did not misinform Hager that he could freely withdraw his plea, it was not his obligation to state the contrary during consideration of the motion to withdraw. Nor did Born's lack of assistance prejudice Hager's defense, since his motion to withdraw his plea lacked merit. *See United States v. Alvarez–Tautimez,* 160 F.3d 573, 577 (9th Cir.1998) (prejudice inquiry in context of failure to bring a motion to withdraw looks to whether motion would be reasonably likely to succeed); *Shah v. United States,* 878 F.2d 1156, 1162 (9th Cir.1989) (no prejudice under *Strickland* for failing to bring motion to withdraw and advising defendant that he could not make such a motion where motion was without merit).

■ As to the "lie" Born allegedly perpetrated on the court, although Hager alleges that he was not told before trial that the wheel of his car became inoperable between collisions, his evidence shows only that he did not meet with the reconstruction expert who determined this fact, not that he was not given the information. Whether or not Hager actually met with the expert had no bearing on his motion to withdraw his plea because his argument in support of that motion was that he did not know his tire had fallen off between collisions. Moreover, the alleged fraud occurred after the sentencing court had already denied Hager's motion and had no bearing on its decision. Even assuming that Born's statement to the court was deliberately misleading rather than a somewhat inarticulate attempt to indicate that Born had himself taken the expert's report to Hager, or that his failure to state the facts clearly was itself deficient performance, Born's statement was in no way prejudicial.

AFFIRMED.