**Ariel ESCOBEDO, Petitioner—Appellant,**

v.

**UNITED STATES of America, Respondent—Appellee.**

No. 01–35289.

D.C. No. CV–97–05449–JET.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 6, 2003.*

Decided Jan. 15, 2003.

Before WALLACE, TROTT and TASHIMA, Circuit Judges.

MEMORANDUM **

Escobedo appeals from the denial of his relief requested pursuant to 28 U.S.C. § 2255. The district court had jurisdiction under 18 U.S.C. § 3231 and we have juris-diction over this timely appeal pursuant to 18 U.S.C. § 1291. We affirm.

Whether Escobedo received ineffective assistance of counsel is reviewed de novo. *Mancuso v. Olivarez*, 292 F.3d 939, 949 (9th Cir.2002). To prevail, Escobedo must demonstrate (1) that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Escobe-do was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Mancuso*, 292 F.3d at 953–54. We will address the prejudice

---

* This panel unanimously finds this case suit-able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

issue. *Fields v. Woodford,* 309 F.3d 1095, 1107 (citing *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052).

Escobedo must "affirmatively prove prejudice." *Strickland* 466 U.S. at 693, 104 S.Ct. 2052. To do so, Escobedo is required to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

Escobedo concedes that he must prove that Hamilton's alleged "bad advice" caused Escobedo to reject a plea offer, which he otherwise would have accepted. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (*Strickland* test applies to "ineffective assistance claims arising out of the plea process."); *Turner v. Calderon,* 281 F.3d 851, 879 (9th Cir. 2002). To demonstrate such prejudice, Escobedo offers only the statement that "[a] sufficient showing of ineffective assistance of counsel was made at the evidentiary hearing."

■ However, the District Court explicitly found that Escobedo was not prejudiced by Hamilton's alleged failures. The court found that "the testimony of Charles Hamilton, III, Esq. given at the evidentiary hearing was, and is, credible, and the testimony given by the defendant was not, and is not, credible," and observed that Hamilton testified that Escobedo " 'never expressed an interest in cooperating with the government' " which Escobedo knew was a condition of the plea agreement. The district court's findings of fact are reviewed for clear error. *United States v. Alvarez–Tautimez,* 160 F.3d 573, 575 (9th Cir.1998). There is no clear error in this finding, and Escobedo has not even endeavored to show otherwise. Therefore, Escobedo has failed to prove the second component of his *Strickland* claim on this ground.

■ With respect to whether he was prejudiced by Hamilton's failure to procure an interpreter for all but one of their meetings, Escobedo states only that this failure "denied Mr. Escobedo the ability to fully explore all legal and factual issues relevant to his case." Escobedo admits that to prove his claim, he would have to demonstrate that but for counsel's failure, he would have pled guilty. Nowhere in his brief does he assert that but for the lack of an interpreter on four out of five meetings with his attorney, he would have pled guilty. Therefore, Escobedo has failed to carry his burden of proving that he was prejudiced by the lack of an interpreter at meetings with his lawyer.

We need not explore whether counsel's assistance was ineffective because Escobedo's claim fails *Strickland'*s prejudice inquiry, and we therefore affirm the district court.

AFFIRMED.