**Michael MCCORMICK, Petitioner–Appellant,**

v.

**Craig FARWELL; Brian Sandoval, Respondents–Appellees.**

No. 06–15062.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed July 6, 2007.

David Z. Chesnoff, Esq., Richard A. Schonfeld, Goodman & Chesnoff, Las Vegas, NV, for Petitioner–Appellant.

Michael McCormick, Las Vegas, NV, pro se.

Robert E. Wieland, Esq., Richard A. Molezzo, Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: SCHROEDER, Chief Judge, CANBY, and FERNANDEZ, Circuit Judges.

---

## MEMORANDUM[*]

Michael McCormick appeals the district court's denial of his habeas corpus petition. 28 U.S.C. § 2254. We affirm.

Given the standards that we must follow,[1] we cannot hold that the Nevada courts improperly rejected McCormick's ineffective assistance of counsel claim.[2] That is, assuming that counsels' representation was constitutionally deficient, the state courts could reasonably determine that there was not a reasonable probability that absent counsels' errors the result of the proceedings would have been different. *See Hill,* 474 U.S. at 58–59, 106 S.Ct. at 370; *Strickland,* 466 U.S. at 691–94, 104 S.Ct. at 2066–68. They could reasonably determine that counsels' failure to make a *Miranda*[3] motion was not prejudicial because McCormick was not in custody when his statement was made,[4] and the facts did not show coercion.[5] Similarly, they could reasonably determine that counsels' failure to make a motion to withdraw McCormick's guilty plea was not prejudicial because on this record no valid basis for the proposed motion was shown. *See Lambert v. Blodgett,* 393 F.3d 943, 982 (9th Cir. 2004); *United States v. Michlin,* 34 F.3d 896, 900–01 (9th Cir.1994); *see also United States v. Alvarez–Tautimez,* 160 F.3d 573, 577 (9th Cir.1998). Finally, they could reasonably determine that the failure of counsel to exert further efforts in preparation for and in presentations at McCormick's sentencing hearing was not prejudicial because, while McCormick speaks in generalities, nothing that would have favorably affected McCormick's sentencing has been offered. *See Strickland,* 466 U.S. at 694, 699–700, 104 S.Ct. at 2068, 2071; *Rodriguez v. Ricketts,* 798 F.2d 1250, 1253 (9th Cir.1986); *cf. Karis v. Calderon,* 283 F.3d 1117, 1133 (9th Cir. 2002) (stating that in determining prejudice, omitted evidence must be considered).

AFFIRMED.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1] *See* 28 U.S.C. § 2254(d)(1); *Wiggins v. Smith,* 539 U.S. 510, 520–21, 123 S.Ct. 2527, 2534–35, 156 L.Ed.2d 471 (2003); *Edwards v. Lamarque,* 475 F.3d 1121, 1125–26 (9th Cir. 2007) (en banc).

[2] *See Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *see also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

[3] *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[4] *See Stansbury v. California,* 511 U.S. 318, 323–25, 114 S.Ct. 1526, 1529–30, 128 L.Ed.2d 293 (1994) (per curiam); *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984); *Miranda,* 384 U.S. at 444, 86 S.Ct. at 1612; *United States v. Hudgens,* 798 F.2d 1234, 1236–37 (9th Cir. 1986); *see also Yarborough v. Alvarado,* 541 U.S. 652, 663–66, 124 S.Ct. 2140, 2149–50, 158 L.Ed.2d 938 (2004) (holding that fair-minded jurists could disagree, so state court decision reasonable).

[5] *United States v. Haswood,* 350 F.3d 1024, 1027–28 (9th Cir.2003); *Clark v. Murphy,* 331 F.3d 1062, 1072–73 (9th Cir.2003).