**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-57140 |
| Plaintiff - Appellee, | D.C. Nos. 2:10-cv-03150-DSF |
| v. | 2:06-cr-00019-DSF-1 |
| TYRONE ALAN GANOE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 6, 2014[**]
Pasadena, California

Before: EBEL,[***] KLEINFELD, and GRABER, Circuit Judges.

Defendant Tyrone Ganoe appeals the denial of 28 U.S.C. § 2255 relief from

his convictions for receiving and possessing child pornography in violation of 18

U.S.C. § 2252A. We AFFIRM.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David M. Ebel, Senior Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

We review the denial of § 2255 relief de novo, and the court's factual findings for clear error. United States v. Alvarez-Tautimez, 160 F.3d 573, 575 (9th Cir. 1998). Denial of a discovery request is reviewed for abuse of discretion. Pham v. Terhune, 400 F.3d 740, 741 (9th Cir. 2005) (per curiam).

1. Ganoe's trial counsel were not ineffective regarding the forensics examination of Ganoe's computer.

The Sixth Amendment provides a right to effective counsel, not to effective experts. See Fairbank v. Ayers, 650 F.3d 1243, 1252 (9th Cir. 2011). Ganoe's counsel hired well-reputed experts and adequately monitored their performance. On § 2255 review, the district court held an evidentiary hearing and found the trial counsels' testimony about their decisions in the case to be "highly credible." Thus Ganoe has not established that his attorneys' representation was deficient in this respect.

2. Ganoe's trial and appellate counsel did not render ineffective assistance in not raising a double jeopardy argument.

Ganoe argues that his trial and appellate counsel were ineffective in failing to raise a double jeopardy argument, specifically, that the acts for which he was convicted in Counts One and Two (for receiving child pornography) were, or could have been, the same acts that led to his conviction for possession of different

2

images of child pornography in Count Four. To prevail on a claim of ineffective assistance of counsel, Ganoe had to show that his counsel at trial or on appeal acted below the minimum conduct required of counsel by Strickland v. Washington, 466 U.S. 688 (1984), in not raising a double jeopardy claim. Thus, we must examine his double jeopardy claim through a "highly deferential" performance lens. Id. at 689.

Ganoe did not show that his trial and appellate counsel acted below constitutionally required standards. There was ample evidence in the record that Ganoe was not convicted of receipt and possession for the same underlying conduct. The child pornography images that Ganoe was convicted of possessing in Count Four are different from the images he was convicted of receiving in Counts One and Two. Further, they were downloaded onto Ganoe's computer at different times. The government's computer expert testified that the images in Count Four were not received via the same keystrokes that generated the images in receipt Counts One and Two. In the face of that evidence, Ganoe would have had the burden of proving the double jeopardy violation. United States v. Ziskin, 360 F.3d 934, 943 (9th Cir. 2003). Counsel is given considerable latitude in strategically structuring the case to present the strongest arguments while choosing not to pursue weaker claims that held little promise of meaningful relief. Miller v.

Keeney, 882 F.2d 1428, 1434 & n.10 (9th Cir. 1989). Under that standard, it was not deficient representation to decide not to pursue a double jeopardy claim.

3. The district court properly denied Ganoe's discovery request.

Finally, Ganoe claims that the district court abused its discretion in refusing to order the government to produce Ganoe's hard drive for further discovery to support his ineffective assistance claims. The abuse of discretion standard is highly deferential, see Ariz. Dream Act Coal. v. Brewer, 757 F.3d 1053, 1060 (9th Cir. 2014), and a movant has no automatic right to discovery in a § 2255 habeas proceeding. The district court acted within its discretion in denying Ganoe's request for additional discovery. Before trial, Ganoe's hard drive was evaluated by several computer forensics experts for both the defense and the government, and all experts found only additional incriminating evidence and no exculpatory evidence. Ganoe offers no credible reason to think that additional discovery would turn up new evidence to support his ineffective assistance claim. We therefore affirm the district court's denial of Ganoe's motion for additional discovery.

**AFFIRMED.**