NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30088 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00087-WFN-1 |
| v. | |
| ARTHUR FRANK CARDENAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted May 10, 2018[**]
Seattle, Washington

Before: GOULD and IKUTA, Circuit Judges, and TUNHEIM,[***] Chief District Judge.

Arthur Cardenas was convicted by a jury on five counts relating to his illegal possession of weapons and almost 250 grams of methamphetamine. Cardenas

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

argues (1) that the district court erred in denying his motion to suppress evidence and in not granting him a hearing under *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978), which provides that under certain circumstances defendants are entitled to hearings to determine whether there was a false statement recklessly or intentionally included in a warrant affidavit that was necessary to a finding of probable cause; (2) that he received ineffective assistance of counsel; and (3) that a jury needed to determine beyond a reasonable doubt the quantity of methamphetamine he possessed before the district court could calculate his base offense level under the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1. We affirm.

1.  Cardenas identified a few omissions in the warrant application: It left out information that suggested Alicia Favro—whose statement was offered in support of the application—was an unreliable witness and that a neighbor—whose statement also supported the application—identified the man she saw engaged in a shootout as white and wearing a white shirt when Cardenas is Hispanic and was wearing a black shirt with a white design. But even without Favro's statement, and even if the alleged inconsistency in the neighbor's statement had been provided, the facts recounted in the warrant application easily would have been sufficient to support a finding of probable cause. Thus "no constitutional error . . . occurred," and the district court did not err in denying Cardenas's motion to suppress and

2

request for a *Franks* hearing.  *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011).

2.     Next, Cardenas argues that his lawyer, John Crowley, was ineffective because he (1) did not seek a severance of the felon in possession charges from the other charges, (2) did not communicate a plea deal offer to Cardenas, and (3) had an inherent conflict because he was representing Cardenas pro bono.

We adopt a "strong presumption" that Crowley employed sound trial strategy.  *See Sanders v. Cullen*, 873 F.3d 778, 813 (9th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).  Here, Crowley provided rational justifications for why he did not seek severance, the strongest being that he did not want to allow the government two trials, giving it a chance to perfect its case during the first.  Also, the parties stipulated that Cardenas was a convicted felon, so the jury did not need to be told the details of his criminal record.  This avoided the prejudice of having Cardenas's entire criminal history conveyed to the jurors.  *See United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996) (noting that stipulating that a defendant has a criminal record, to avoid having the jury hear about prior bad acts, can be a way to minimize prejudice).  We conclude that Crowley's decision not to seek a severance was not unreasonable and did not constitute ineffective assistance of counsel.

Further, Cardenas offers nothing to suggest that the district court's finding that Crowley communicated the plea deal offer to him was clearly erroneous. *See United States v. Alvarez-Tautimez*, 160 F.3d 573, 575 (9th Cir. 1998) (requiring a showing of clear error to overturn a district court's factual findings). We reject Cardenas's contention that Crowley did not convey plea deal offers to him.

As to Cardenas's contention that Crowley had a conflict of interest with him because Crowley represented him pro bono, Cardenas must "prove actual conflict, not just a possibility of conflict, 'through a factual showing on the record.'" *United States v. Nickerson*, 556 F.3d 1014, 1019 (9th Cir. 2009) (quoting *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir. 1998)). The mere fact that Crowley represented Cardenas pro bono is insufficient to show an actual conflict by itself. *See Williams v. Calderon*, 52 F.3d 1465, 1473 (9th Cir. 1995). Cardenas vaguely asserts that Crowley should have performed additional investigation, but the few concrete omissions that Cardenas identifies are insufficient to demonstrate any actual conflict. We conclude that Cardenas did not receive ineffective assistance of counsel.

3.  Cardenas contends that a jury needed to determine the quantity of methamphetamine he possessed beyond a reasonable doubt before the judge could calculate his U.S.S.G. range based on that quantity. This contention is not correct: We have squarely held that "as with all factors which increase a defendant's

4

offense level, the government is required to prove the approximate quantity by a *preponderance of the evidence*." *United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002) (emphasis added) (quoting *United States v. August*, 86 F.3d 151, 154 (9th Cir. 1996)). And a district court is tasked with resolving factual disputes regarding drug quantity by applying the preponderance of the evidence standard at sentencing. *See United States v. Flores*, 725 F.3d 1028, 1035 (9th Cir. 2013). The cases that Cardenas cites requiring that facts that increase the statutory minimum or maximum penalty for an offense must be proved to a jury beyond a reasonable doubt are beside the point. Adjusting a sentencing guidelines range is not the same as altering the statutory penalty for an offense. There was no need for the district court to submit the question of the quantity of methamphetamine Cardenas possessed to a jury. *See id.*

**AFFIRMED.**