NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAJUAN LAMAR GAMBLE, AKA
Popeye,

Defendant - Appellant.

No. 24-6403

D.C. No.
2:22-cr-00267-JAD-EJY-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted January 7, 2026**
San Francisco, California

Before: GOULD, NGUYEN, and BENNETT, Circuit Judges.

DaJuan Lamar Gamble, also known as "Popeye," appeals from his

conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§

922(g)(1) and 924(a)(2). Gamble challenges the district court's denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to withdraw his guilty plea and motion to dismiss the indictment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008). A court abuses its discretion in denying a motion to withdraw a plea "when it rests its decision on an inaccurate view of the law, or on a clearly erroneous finding of fact." *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009) (internal citations and quotation marks omitted). We review the constitutionality of a statute de novo. *United States v. Garcia*, 768 F.3d 822, 827 (9th Cir. 2014).

1. A district court may allow a defendant to withdraw a guilty plea before it imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant entered his plea*." *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005) (quoting *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004)).

The district court did not abuse its discretion in finding that Gamble had not shown "a fair and just reason" to withdraw his guilty plea because Gamble failed to demonstrate that his potential motion to suppress or request for additional

surveillance footage had any merit and, thus, that his counsel gave him improper advice. Gamble did not identify the picture that he saw before trial and admitted that he was not sure if surveillance footage of the alley existed. Further, Gamble did not identify which officer's statements he believed were false. Because "[a] court must 'indulge a strong presumption' that counsel's conduct falls within the range of competence," *United States v. Alvarez-Tautimez*, 160 F.3d 573, 576 (9th Cir. 1998) (quoting *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986)), the district court did not erroneously conclude that counsel's decision not to file the suppression motion or request additional surveillance footage was proper.

Gamble was aware of the prospect of his potential motions before entering the plea but explicitly told the district court that he had no further questions for his counsel or the court before pleading guilty. *See United States v. Mayweather*, 634 F.3d 498, 506 (9th Cir. 2010) (holding that the defendant did not have a fair and just reason for withdrawing his guilty plea when the defendant was aware of the prospect of making a suppression motion prior to entering his plea and did not voice his displeasure with his counsel's failure to file the motion during the Rule 11 proceeding). Further, the court did not abuse its discretion in concluding that, even if Gamble was unaware that he could still litigate these issues during trial, "[f]or a reasonable defendant in Gamble's position, it would not have moved the needle to know that these arguments still could be raised by the very same trial

counsel who the defendant knew was making the affirmative, tactical decision not to raise them." *See Davis*, 428 F.3d at 808 (holding that a defendant need only show that counsel's gross mischaracterization *could* have motivated the plea decision to establish a fair and just reason for plea withdrawal).

2.      Gamble agrees that this Court's recent holding in *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025) (en banc), forecloses his challenge to the indictment.

**AFFIRMED.**